The Memorandum Decision and Order below is hereby signed.  Dated: January 4, 2008.



*S. Martin Teel Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| LINDA D. JONES, | ) | Case No. 07-00621 |
| | ) | (Chapter 13) |
| Debtor. | ) | |

MEMORANDUM DECISION AND ORDER
GRANTING DEBTOR PARTIAL ENLARGEMENT OF TIME
TO FILE DOCUMENTS AND REQUIRING THE DEBTOR TO
<u>FILE A PLAN AND COMMENCE PLAN PAYMENTS BY JANUARY 17, 2008</u>

Invoking 11 U.S.C. § 521(i)(3), the debtor seeks an extension until day 90 of the case to file documents required by 11 U.S.C. § 521(a)(1) (an extraordinarily long extension of time).[1]  She states that she has discovered that she suffers from

---

[1] Under § 521(i)(1), the papers must be filed by day 45 of the case to avoid an automatic dismissal requirement, but the debtor may seek a 45-day enlargement under § 521(i)(3) upon a showing of justification.  Because the debtor invokes § 521(i)(3), the court views the debtor's motion as seeking to enlarge the time for filing documents to 90 days after the filing of the petition commencing the case in order to avoid the triggering of the automatic dismissal requirement of § 521(i)(1).

a debilitating disease[2] and that she needs an attorney.  The papers were required to be filed by December 4, 2007 (that is, within 15 days of the filing of her petition on November 19, 2007).  Fed. R. Bankr. P. 1007(c).  The papers are necessary in order for the trustee and creditors to evaluate the case, and examine the debtor at a meeting of creditors.

The meeting of creditors is set for January 7, 2008, and a confirmation hearing is set for February 15, 2008.  The debtor has not yet filed a plan.  That is not one of the documents listed in § 521(a)(1), but 11 U.S.C. § 1326(a)(1) implicitly required that a plan be filed by day 30 of the case (that is, by December 19, 2007), as under § 1326(a)(1) that is the latest date on which plan payments were to commence in this case, unless the court were to order otherwise.

If the debtor served a plan on January 17, 2008, the time to object to confirmation would expire on February 14, 2008.  If confirmation is unopposed and the plan is deemed confirmable by the court, the plan could be confirmed on February 15, 2008,

---

[2] The disease is Charcot-Marie-Tooth disease (CMT). According to the website of the National Institute of Neurological Disorders and Strokes, CMT is a neurological disorder which causes muscular atrophy, and sometimes pain; "[p]rogression of symptoms [of the disease] is very gradual;" and pain-killing drugs can be prescribed if severe pain arises.  The debtor does not state what "debilitating" aspects of the disease have impaired her ability to file required papers, but I will assume in the debtor's favor that there has been some impairment.

without the necessity of holding the confirmation hearing. If confirmation of the plan is opposed, the confirmation hearing could be held on February 15, 2008. In addition, a continued meeting of creditors could be held on February 4, 2008 (a date on which the chapter 13 trustee is conducting such meetings), in order to examine the debtor regarding the documents she files (if she fails to file them prior to the original meeting of creditors on January 7, 2008).

The debtor's motion implicitly concedes that despite her disease she will be able to file papers if she has the assistance of an attorney. However, the debtor, who filed her motion on December 21, 2007, should by January 17, 2008, have had more than sufficient time (even taking account of the holiday season which has just passed) to obtain the assistance of an attorney and to file required papers. The debtor has not shown cause justifying extending her time for filing required documents beyond January 17, 2008. Accordingly, it is

ORDERED that the debtor is granted until January 17, 2008, to file the papers required by 11 U.S.C. § 521(a)(1), and she shall file those papers by that date. It is further

ORDERED that the debtor's motion is otherwise denied. It is further

ORDERED that the debtor shall file and serve a plan by January 17, 2008, and make a plan payment on or before that date.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee.